IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT WILLIS, an Individual,
JAMES WILLIAMS, an Individual,
JOHNNY WALTERS, an Individual
KENNETH SMITH, an Individual
CHAYANNE MERCADO, an
individual, and all other SIMILARLY
SITUATED individuals under 29
U.S.C 216(b),

       Plaintiff,

vs.

SEMINOLE ASPHALT PAVING,
INC., A Florida Profit Corporation,

       Defendant.

CASE NO.:

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT WILLIS ("WILLIS"), Plaintiff, JAMES WILLIAMS ("WILLIAMS"), Plaintiff, JOHNNY WALTERS ("WALTERS"), Plaintiff, KENNETH SMITH ("SMITH"), Plaintiff CHAYANNE MERCADO ("MERCADO") (Collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b), and Fed. R. Civ. P. 15, files the following Collective Action Complaint against Defendant, SEMINOLE ASPHALT PAVING, Inc. (hereafter "Defendant") for its failure to pay federal overtime wages to hourly laborers, and alleges the following:

## NATURE OF ACTION

1.  This is a Fair Labor Standards Act ("FLSA") Collective Action brought on behalf of all hourly laborers who work or have worked for **Defendant in Florida during the previous three (3) years**. Defendant violated federal wage and hour law by automatically deducting time for a meal period from Plaintiffs, and all other similarly situated hourly laborers, even when they were not completely relieved of their duties during this purported meal period. Defendant also violated federal wage and hour law when it failed to compensate Plaintiffs, and other similarly situated individuals, for time spent driving to and from Defendant's principal place of business and to and from the worksite. This unlawful policy leads to overtime wage violations in weeks when hourly laborers work over forty (40) hours before accounting for Defendant' unlawful deductions 29 U.S.C. §§ 207(a). Dozens (and potentially hundreds) of similarly situated laborers are owed federal overtime wages within the past 3 years as a result of Defendant' widespread and indiscriminate automatic meal deduction policy and failure to compensate for driving time.

2.     Plaintiffs brings this Collective Action Complaint pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant failed to pay Plaintiffs and other hourly laborers during the past three (3) years.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under 29 U.S.C. § 201, *et. seq.* and 28 U.S.C. § 1331.

4.     Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391 because Defendant resides in this District and is a resident of the State of Florida.

## PARTIES

5.     At all times relevant to this action, Plaintiff, ROBERT WILLIS ("WILLIS"), was a resident of Orange County, Florida, and over the age of 18 years.

6.     At all times relevant to this action, WILLIS was an employee of Defendant within the meaning of FLSA, 29 U.S.C § 203(e)(1).

7.     At all times relevant to this action, Plaintiff, JAMES WILLIAMS ("WILLIAMS"), was a resident of Orange County, Florida, and over the age of 18 years.

8.     At all times relevant to this action, WILLIAMS was an employee of Defendant within the meaning of FLSA, 29 U.S.C § 203(e)(1).

9.      At all times relevant to this action, Plaintiff, JOHNNY WALTERS ("WALTERS"), was a resident of Orange County, Florida and over the age of 18 years.

10.     At all times relevant to this action, WALTERS was an employee of Defendant within the meaning of FLSA, 29 U.S.C § 203(e)(1).

11.     At all times relevant to this action, Plaintiff, KENNETH SMITH ("SMITH), was a resident of Orange County, Florida, and over the age of 18 years.

12.     At all times relevant to this action, SMITH was an employee of Defendant within the meaning of FLSA, 29 U.S.C § 203(e)(1).

13.      At all times relevant to this action, Plaintiff, CHAYANNE MERCADO ("MERCADO"), was a resident of Orange County, Florida, and over the age of 18 years.

14.     At all times relevant to this action, MERCADO was an employee of Defendant within the meaning of FLSA, 29 U.S.C § 203(e)(1).

15.     Plaintiffs, WILLIS, WILLIAMS, WALTERS, SMITH, MERCADO (Collectively "Plaintiffs"), bring this suit on behalf of themselves, and all similarly situated individuals.

16.     During all times material hereto, Defendant, was a Florida For Profit Corporation transacting business within Sandford, Florida.

17.   Defendant was the employer of the Plaintiffs, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

18.   At all times relevant to this action, Defendant was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and the unlawful pay practices as it pertained to Plaintiffs and putative members of the collective.

19.   Defendant is a full-service commercial asphalt paving company serving the State of Florida. Defendant specializes in asphalt paving, asphalt repair, seal coating and all pavement maintenance for parking lots, roadways, tennis courts, shopping centers, and business driveways.

20.   During Plaintiffs employment with Defendant, Plaintiffs and various other similarly situated employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cement, asphalt, asphalt pavers, milling machines, graders, sweepers, dump trucks, compactors, material transfer vehicles, latex, and various other equipment and items.

21.   Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiffs was employed. Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those

to which the FLSA applies. Defendant's business and Plaintiffs work for Defendant affected interstate commerce because the materials and goods that Plaintiffs used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiffs use of the same.

22. Defendant also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiffs, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

23. Upon information and belief, Defendant grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

## FACTUAL ALLEGATIONS

24. During Plaintiffs employment with Defendant, Plaintiffs (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) were not required to possess any advanced training, skill, or prolonged education in order to perform any of their primary duties and responsibilities.

25.   Plaintiffs worked for Defendant as manual laborer's. Their duties included laying pavement and asphalt, and operating milling machines and similar equipment.

26.   During all material times hereto, Plaintiffs were non-exempt employees of Defendant, within the meaning of the FLSA.

27.   During Plaintiffs employment, they regularly worked more than (40) forty hours per week.

28.   Plaintiffs were required to work eight (8) to twelve (12) hours for five (5) to six (6) days in a row.

29.   Defendant automatically deducted 30 minutes per day from Plaintiffs for a meal period.

30.   Defendant did not require Plaintiffs to clock out for meals, nor did Defendant record when (if ever) Plaintiffs were relieved of their duties for the purposes of having a meal.

31.   Plaintiffs regularly were required to work through their meals and were not completely relieved of their duties for a meal, notwithstanding Defendant's automatic 30-minute deduction each day for meal periods. This resulted in plaintiffs working in excess of 40 hours in certain work weeks and not being fully compensated the appropriate overtime premium for all of the hours worked.

32.     Within the past 3 years, Defendant frequently paid Plaintiffs an improperly calculated overtime premium by deducting 30 minutes per day from Plaintiffs for meal period for which they were not able to take.

33.     Each day, Plaintiffs were required to clock in at the Defendant's principal place of business.

34.     After clocking in, Plaintiffs were regularly required to drive Defendant's work vehicles/machines, or Plaintiffs' own vehicle, to and from various jobsites.

35.     Plaintiffs were also required to drive back to the employer's place of business to clock out.

36.     Defendant frequently failed to properly  calculate and pay overtime premium when it failed to account for Plaintiffs compensable driving time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37.     At all times relevant to this action, Plaintiffs and the putative FLSA collective action members worked for Defendant as manual laborer's or in the same or similar capacity. Their duties included laying pavement and asphalt, and operating milling machines and similar equipment within the last (3) years.

38.     Plaintiffs bring this action individually and on behalf of all other individuals similarly situated pursuant to Section 16(b) of the FLSA, 29

U.S.C. § 216(b). Plaintiffs and the similarly situated individuals were employed by Defendants within the meaning of the FLSA, as Sweepers, Truck Drivers, Pavement layers, and general laborers. The proposed collective is defined as follows:

    a. **Automatic Meal Deduction Collective**: **All current and former hourly laborers employed by Defendant in Florida, within the previous 3 years, who had a 30-minute meal period automatically deducted from their compensable time.**

    b. **Unpaid Driving Time at the Direction of the Employer Collective**: **All current and former hourly laborers employed by Defendant in Florida, within the previous 3 years, who were required to drive employer's equipment and/or vehicle to and from the employer's principal place of business to and from the jobsite and were not paid for their time driving.**

    c. **Unpaid travel time at the direction of the employer Collective: All current and former hourly laborers that were required to travel back to the employer's principal place of business to clock out but were not compensated for travel time.**

39. A Collective action is appropriate in this circumstance because the Collective is similarly situated in that they were victims of Defendant's failure to pay all overtime wages.

40. Plaintiffs' damages are substantially similar to other members of the Collective because each were victims of Defendant's failure to pay overtime wages.

41.   The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

42.   Defendant's conduct was widespread, repetitious, and consistent.

43.   Defendant's conduct was willful and in bad faith.

**COUNT I – federal overtime wage violations – 29 U.S.C. § 207**

44.   Plaintiffs reallege and readopt the allegations of Paragraphs One (1) through Forty-Three (43), as though fully set forth herein.

45.   Plaintiffs allege this action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

46.   Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

47.   Defendant suffered or permitted the Plaintiffs and all those similarly situated to work for it within the meaning of 29 U.S.C. § 203(g).

48.   Defendants were required under the FLSA, 29 U.S.C. § 207(a), to pay the Plaintiffs and those similarly situated at a rate not less than one and one-half times the Plaintiffs' regular wage rates for all hours the Plaintiffs worked in excess of 40 in a workweek.

49.   Defendant automatically deducted 30-minutes per day from Plaintiffs for a meal period which Plaintiffs were not able to take, including during workweeks when Plaintiffs worked over forty (40) hours.

50.  Between November 2019 and the present, Plaintiffs regularly worked over 40 hours a week.

51.  To date, Defendant has not paid Plaintiffs and those similarly situated one and one-half times their regular rates for all hours worked by Plaintiffs in excess of 40 per week for weeks during the period between September 2019 and the present, in violation of the FLSA, 29 U.S.C. § 207(a).

52.  At times relevant to this action, Defendant acted willfully or with reckless disregard as to their obligation to pay one and one-half times the Plaintiffs' regular rate of pay for hours worked in excess of 40 per week, and, accordingly, the violation was willful for purposes of the FLSA, 29 U.S.C. §§ 255(a) and 260.

53.  Defendant willfully and intentionally refused to pay Plaintiffs the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

54.  Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

55.  Defendant's willful and/or intentional violations of federal wage law entitle Plaintiffs to an additional amount of liquidated, or double, damages.

56.     As a result of the violations alleged herein, Plaintiffs were required to retain the undersigned counsel and are therefore entitled to recover reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay, liquidated damages, and reasonable attorney's fees, and costs of litigation, and any other such relief as this honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: 11/15/2022

Respectfully submitted,

*/s/  Deron T. Roberson, Jr.*_____
DERON T. ROBERSON, JR.
Florida Bar Number 1011941
AARON C. ROBERSON
Florida Bar Number 1018139
ROBERSON & ROBERSON P.A.
Email:
d.roberson@robersonemploymentlaw.com;
a.roberson@robersonemploymentlaw.com;
Info@robersonemploymentlaw.com
16057 Tampa Palms Blvd. W. #231
Tampa, Florida 33647
Phone:  813.808.3688
Attorneys for Plaintiff