UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT WILLIS; JAMES
WILLIAMS; JOHNNY WALTERS;
KENNETH SMITH; and
CHAYANNE MERCADO,

    Plaintiffs,

v.

SEMINOLE ASPHALT PAVING,

    Defendant.

Case No. 6:22-cv-2125-PGB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on the Parties Second Amended Renewed Joint Motion for Approval of Settlements (Dkt. 53), filed December 27, 2023. The Court held a hearing on January 11, 2024. Upon consideration, and as discussed at the hearing, the Court will defer ruling on the parties' Joint Motion, pending the filing of a joint notice with newly executed settlement agreements that address both issues discussed below.

### I.  BACKGROUND

On November 15, 2022, Plaintiffs Robert Willis, James Williams, Johnny Walters, Kenneth Smith, and Chayanne Mercado filed a Complaint against

Defendant Seminole Asphalt Paving, alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 1. Plaintiffs allege that Defendant automatically deducted time for meal periods even when Plaintiffs were not completely relieved of their job duties and failed to compensate Plaintiffs for time spent driving to and from the principal place of business and to and from the worksite. *Id.* at 2.

On December 27, 2023, the parties filed the instant joint motion to approve the settlement terms. Dkt. 53. Under the terms of the proposed settlement agreements ("Agreements"), Plaintiff Willis will receive $900.00 for alleged unpaid wages and $900.00 in liquidated damages (Dkt. 55-1 at ¶ 3), and Plaintiffs Williams, Walters, Smith, and Mercado will receive $750.00 in alleged unpaid wages and $750.00 in liquidated damages each (Dkts. 55-2 at ¶ 3; 55-3 at ¶ 3; 55-4 at ¶ 3; 55 at ¶ 3). Plaintiff's counsel will receive $5,200.00 total for attorney's fees and costs. Dkt. 51. The parties ask the Court to approve the FLSA Agreement and to dismiss the case with prejudice. Dkt. 53.

## II. LEGAL STANDARDS

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

    (1)   the existence of fraud or collusion behind the settlement;
    (2)   the complexity, expense, and likely duration of the litigation;
    (3)   the stage of the proceedings and the amount of discovery completed;
    (4)   the probability of [Plaintiff's] success on the merits;
    (5)   the range of possible recovery; and
    (6)   the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

    Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether agreed to by a defendant or not) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

### III. ANALYSIS

As discussed at the hearing, the proposed Settlement Agreements contain two flaws. First, the Agreements contemplate that they may be modified by writing. *See, e.g.,* Dkt. 50-1 at ¶ 10 ("This Agreement, including Paragraph 11, may not be amended nor any provision waived, in whole or part,

except by written agreement signed by Defendant and Plaintiff."). The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already approved agreement. The provision must be removed or modified to ensure no amendments take effect until approved by the Court.

Second, the proposed Agreements appear to contain a general release of all Plaintiffs' claims. The agreements provide that the Plaintiffs release Defendant "in full and final settlement and satisfaction of any and all claims Plaintiff[s] had, has, or may have against Defendant." *See e.g.,* Dkt. 55-1 at ¶ 3. In this district, such blanket release terms are generally not acceptable, or accepted only if there is sufficient detail provided about other claims. *See Lowe v. NewQuest, LLC*, No. 8:21-cv-2320, 2022 WL 1721195, at *2 (M.D. Fla. May 11, 2022), *report and recommendation adopted*, No. 8:21-CV-2320, 2022 WL 1720833 (M.D. Fla. May 27, 2022) (finding general release impermissible and citing other cases in this district with same result).

The Agreements, as written, contemplate a release of claims that extends beyond the FLSA claims asserted in the Complaint. *See Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) ("[A] release in an FLSA settlement is generally reasonable so long as it is narrowly tailored to the wage claims asserted in the complaint.").

Though judges in this district have approved settlement agreements when the employee received additional consideration in exchange for concessions—like general releases—to the employer that went beyond the release of the specific FLSA claim at issue, *see Smith v. Aramark Corp.*, No. 6:14-cv-409, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (citing cases where the settlement agreement makes clear additional consideration paid to plaintiff for claims beyond the FLSA action), there is no indication here what additional consideration—if any—Plaintiff will be given for agreeing to a general release of all claims. If the parties wish to extend the release to claims other than the FLSA claims asserted in the Complaint, they must separately disclose the consideration that Plaintiff will receive for such release beyond the FLSA claims. *Cf. Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (noting that general releases may be permissible if a plaintiff "is given compensation in addition to that which she is entitled under the FLSA"). Otherwise, the Agreement is not fair and reasonable. The parties must therefore modify the release so that it is limited to the wage claims asserted in the Complaint or it is clear that Plaintiffs will receive separate consideration for agreeing to a general release of all claims.

As discussed at the hearing, the Court will approve revised and fully executed Agreements that address both issues outlined above.

## IV.  CONCLUSION

Accordingly, and for the reasons discussed herein, the Court will defer ruling on the parties' Joint Motion (Dkt. 53). On or before **January 25, 2024,** the parties shall submit a joint notice attaching fully executed and revised settlement agreements.

**DONE** and **ORDERED** in Orlando, Florida, on January 11, 2024.

Copies furnished to:

Counsel of Record

_____
ROBERT M. NORWAY
*United States Magistrate Judge*