UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT WILLIS; JAMES
WILLIAMS; JOHNNY WALTERS;
KENNETH SMITH; and
CHAYANNE MERCADO,

    Plaintiffs,

v.

SEMINOLE ASPHALT PAVING,

    Defendant.

Case No. 6:22-cv-2125-PGB-RMN

**ORDER**

This cause comes before the Court for consideration without oral argument on parties' Second Amended Renewed Joint Motion for Approval of Settlements (Dkt. 53), filed December 7, 2023. On January 15, 2024, the parties filed a Notice, attaching the fully executed settlement agreements at issue in their motion. Dkt. 59. Upon consideration, the Motion is due to be granted.[1]

---

[1] With the parties' consent, this motion was referred to me to enter a final order adjudicating the merits of the underlying motion in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkts. 41, 42.

## I.     BACKGROUND

On November 15, 2022, Plaintiffs Robert Willis, James Williams, Johnny Walters, Kenneth Smith, and Chayanne Mercado filed a Complaint against Defendant Seminole Asphalt Paving, alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 1. Plaintiffs allege that Defendant automatically deducted time for meal periods even when Plaintiffs were not completely relieved of their job duties and failed to compensate Plaintiffs for time spent driving to and from the principal place of business and to and from the worksite. *Id.* at 2.

On December 27, 2023, the parties filed the instant joint motion to approve the settlement terms. Dkt. 53. Under the terms of the proposed settlement agreements ("Agreements"), Plaintiff Willis will receive $900.00 for alleged unpaid wages and $900.00 in liquidated damages (Dkt. 55-1 at ¶ 3), and Plaintiffs Williams, Walters, Smith, and Mercado will receive $750.00 in alleged unpaid wages and $750.00 in liquidated damages each (Dkts. 55-2 at ¶ 3; 55-3 at ¶ 3; 55-4 at ¶ 3; 55 at ¶ 3). Plaintiff's counsel will receive $5,200.00 total for attorney's fees and costs. Dkt. 51. The parties ask the Court to approve the FLSA Agreement and to dismiss the case with prejudice. Dkt. 53.

## II.     LEGAL STANDARDS

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a

private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of [Plaintiff's] success on the merits;
(5) the range of possible recovery; and
(6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether agreed to by a defendant or not) above a reasonable fee improperly

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

## III. ANALYSIS

### A. The proposed settlements are fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of her claims is fair and reasonable. 679 F.2d at 1354–55. Plaintiffs estimate that they are owed approximately $11,880.00 in unpaid wages and an additional $11,880.00 in liquidated damages (Willis, Dkt. 24-1 at 3); $4,462.50 in unpaid wages and an additional $4,462.50 in liquidated damages (Williams, Dkt. 24-2 at 3); $22,050.00 in unpaid wages and an additional $22,050.00 in liquidated damages (Walters, Dkt. 24-3 at 3); and $12,920.00 in unpaid wages and an additional $12,920.00 in liquidated damages (Mercado, Dkt. 24-4 at 3). Because Plaintiffs are receiving less than the amount claimed, they have compromised their FLSA claims.

The undersigned finds no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. The agreement was reached after a successful negotiation by represented parties in good faith to resolve an uncertain case. Dkt. 53 at 3, 6. Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiffs compromised the amount of their original claims, the undersigned finds the settlement

amount fair and reasonable. The undersigned therefore finds the consideration being paid to Plaintiffs to resolve their FLSA claim to be fair and reasonable.

### B. The revised settlement agreements do not contain any problematic clauses.

The parties removed the provision that contemplated a written revision of the Agreement. Dkts. 59-1, 59-2, 59-3, 59-4. They have also revised the Agreements so that Plaintiffs' release of claims is limited in scope to FLSA claims. *Id.* These clauses no longer impede the Agreements from being fair and reasonable.

### C. The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $5,200.00 in fees and $457 in costs, the parties represent that they were negotiated separately from the Plaintiffs' recovery. Dkt. 51 at 2. The Court finds that the fee amount is fair and reasonable, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiffs.[3] *See Bonetti*, 715 F. Supp. 2d at 1228.

The Court therefore approves $5,200.00 in attorney's fees and $457 costs.

---

[3] The negotiated fee represents more than a 75 percent discount based on counsel's rate and the work performed. *See* Dkt. 51. Because the work performed is reasonable and was reasonably assigned, the negotiated fee is less than loadstar based on prevailing rates in this locality.

## IV. CONCLUSION

In view of the above, the Court concludes that the proposed settlement agreements are fair and reasonable. It is therefore **ORDERED**:

1. The Second Amended Renewed Joint Motion for Approval of Settlements (Dkt. 53) is **GRANTED**;

2. The case is dismissed with prejudice; and

3. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Orlando, Florida, on January 17, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record